UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

YOLANDA MATTHEWS,

        Defendant.

                               /

Case: 2:26−cr−20377
Assigned To : McMillion, Brandy R.
Referral Judge: Altman, Kimberly G.
Assign. Date : 6/15/2026
Description: INFO USA V.
MATTHEWS (NA)

VIO:  18 U.S.C. § 1349
        18 U.S.C. § 982

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### General Allegations

At all times relevant to this Information:

### *Medicare*

1.    The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were 65 years of age or older or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

1

2.     Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

3.     Medicare included coverage under two primary components, hospital insurance ("Part A") and medical insurance ("Part B").  Medicare Part B covered the costs of medical insurance, including physician, nursing, and other ancillary services not covered by Part A.  The services at issue in this Information were covered by Part B.

4.      CoventBridge Group ("CoventBridge") was the Unified Program Integrity Contractor ("UPIC") for the Midwestern Jurisdiction, which includes the Eastern District of Michigan, and as such, it was the Medicare contractor charged with investigating fraud, waste, and abuse.

5.     Physicians, nurse practitioners, and other health care providers that provided medical services that were to be reimbursed by Medicare were referred to as Medicare "providers."  To participate in Medicare, providers were required to submit applications in which the providers agreed to comply with all Medicare-related policies and procedures, rules, and regulations issued by CMS and its agents and contractors, including those governing reimbursement, and furthermore, certified that they would not knowingly present, or cause to be presented, false and fraudulent claims.

6.      If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number," which was used for the processing and payment of claims.

7.      Providers were given, and provided with online access to, Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations.  Providers could only submit claims to Medicare for services actually rendered as represented, and providers were required to maintain patient records to verify that the services were provided as described on the claim form. These records were required to be sufficient to permit Medicare, through its contractors, to review the appropriateness of Medicare payments made to the health care provider.

8.      To receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form, to the Medicare contractor or carrier containing the required information appropriately identifying the provider, beneficiary, and services rendered.

9.      Medicare covered services only if they were medically necessary and rendered as billed.

### Relevant Entities

10.    New Beginnings Adult Center, Inc., ("New Beginnings") was a Michigan corporation, formed in or around June 2018, and located at 18594

3

Greenfield, Detroit, Michigan 48235. New Beginnings was enrolled as a participating provider with Medicare.

11.    Oakview Adult Day Care Inc. ("Oakview") was a Michigan corporation, formed in or around September 2014 and located at 18966 Greenfield Road, Detroit, Michigan 48235. Oakview was dissolved in or around June 2019.

### The Defendant and Other Individuals

12.    Defendant YOLANDA MATTHEWS, the spouse of Co-Conspirator 1, was a resident of Farmington Hills, Michigan, and, during the period of the criminal conduct described herein, was the President, Treasurer, Secretary, and Director of New Beginnings, and was listed as an owner and the sole signatory on the bank account into which Medicare reimbursements to New Beginnings were deposited.

13.    Defendant YOLANDA MATTHEWS enrolled New Beginnings with Medicare, listing herself as the owner, managing employee, CEO, and authorized official.

14.    Co-Conspirator 1, the spouse of Defendant YOLANDA MATTHEWS, was a resident of Farmington Hills, Michigan, and during the period of the criminal conduct described herein, handled patient transportation and recruitment for New Beginnings. Co-Conspirator 1 further worked as an administrator at New Beginnings, and his/her duties included handling personnel issues such as the firing of employees.

4

15.     In or around October 2019, Co-Conspirator 1 pleaded guilty to conspiracy to solicit and receive health care bribes and kickbacks in exchange for Medicare beneficiary referrals stemming from his/her operation of New Beginnings and Oakview.  As a result of his/her conviction, Co-Conspirator 1 was excluded from submitting or causing claims to be submitted to federal health care programs, including Medicare, for items or services he furnished, ordered, or prescribed, including services that did not directly involve patient care, regardless of whether he/she received payment directly from any federal health care program or whether payments were received by an employer.  The Court placed Co-Conspirator 1 on three years' supervised release, beginning July 5, 2023.

**COUNT 1**
**Conspiracy to Commit Health Care Fraud**
**(18 U.S.C. § 1349)**
**YOLANDA MATTHEWS**

16.     Paragraphs 1 through 15 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

17.     From approximately in or around January 2020, and continuing through in or around June 2025, the exact dates being unknown to the United States, in Wayne and Oakland Counties, in the Eastern District of Michigan, and elsewhere, YOLANDA MATTHEWS and Co-Conspirator 1 did voluntarily and knowingly combine, conspire, confederate, and agree with each other and others, known and

5

unknown to the United States, to violate Title 18, United States Code, Section 1347, that is, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Conspiracy

18.     It was the purpose of the conspiracy for YOLANDA MATTHEWS and Co-Conspirator 1, and their co-conspirators, to unlawfully enrich themselves and others by, among other things:  (a) submitting, and causing the submission of, false and fraudulent claims for individual and group psychotherapy services to Medicare that were (i) medically unnecessary, (ii) ineligible for Medicare reimbursement, and (iii) not provided as represented; (b) concealing and causing the concealment of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds of the fraud, and Co-Conspirator 1's involvement in the operation of New Beginnings; and (c) diverting fraud proceeds for the personal use and benefit of the defendants and others and to further the fraud.

6

**Manner and Means of the Conspiracy**

19. The manner and means by which YOLANDA MATTHEWS, Co-Conspirator 1, and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

20. In or around September 2018, YOLANDA MATTHEWS, on behalf of New Beginnings, certified to Medicare that she would comply with all Medicare rules and regulations, including that she would not knowingly present or cause to be presented a false and fraudulent claim for payment by Medicare.

21. YOLANDA MATTHEWS enrolled New Beginnings as a Medicare provider and was required to abide by all Medicare rules and regulations and federal laws, including that she would not knowingly present or cause to be presented a false and fraudulent claim for payment by Medicare.

22. Co-Conspirator 1, despite agreeing to an exclusion from Medicare due to his/her guilty plea to conspiracy to solicit and receive kickbacks and bribes, agreed with YOLANDA MATTHEWS to work at New Beginnings and assist with the fraudulent scheme alleged herein.

23. YOLANDA MATTHEWS and Co-Conspirator 1 further agreed to hide Co-Conspirator 1's involvement at New Beginnings from Medicare, because Medicare would not have paid claims associated with New Beginnings if Co-Conspirator 1's involvement with New Beginnings had been disclosed.

7

24.     Beginning in or around January 2020, and continuing through in or around June 2025, YOLANDA MATTHEWS, Co-Conspirator 1, and others submitted and caused the submission of false and fraudulent claims purporting that individual and group psychotherapy was being provided to Medicare beneficiaries by New Beginnings personnel, when in fact: (a) the individual and group psychotherapy services were not provided at all, (b) the individual and group psychotherapy services were not provided as represented; and/or (c) the individual and group psychotherapy services were ineligible for reimbursement from Medicare.

25.     YOLANDA MATTHEWS and Co-Conspirator 1 submitted, and caused the submission, of false and fraudulent claims to Medicare purporting that individual and group psychotherapy was provided to Medicare beneficiaries at New Beginnings, when in fact, the beneficiaries were receiving inpatient treatment at hospitals on the same dates.

26.     YOLANDA MATTHEWS and Co-Conspirator 1 submitted, and caused the submission, of false and fraudulent claims to Medicare purporting that individual and group psychotherapy was provided to Medicare beneficiaries at New Beginnings, when in fact, the Medicare beneficiaries had died before the dates for which services were billed to Medicare through New Beginnings.

27.     YOLANDA MATTHEWS and Co-Conspirator 1 submitted, and caused the submission, of false and fraudulent claims to Medicare purporting that individual

8

and group psychotherapy was provided to Medicare beneficiaries by certain Licensed Master Social Workers ("LMSWs") when in fact, those LMSWs were no longer employed by New Beginnings and/or did not provide the services billed on the submitted claims.

28.     From in or around January 2020, and continuing through at least June 2025, YOLANDA MATTHEWS and Co-Conspirator 1 submitted, and caused the submission of approximately $5 million in claims to Medicare.  Medicare paid approximately $2 million based on these claims.  Of this total amount, at least $500,000 was comprised of false and fraudulent claims to Medicare on behalf of New Beginnings.

29.     YOLANDA MATTHEWS, Co-Conspirator 1, and others personally profited from their participation in the scheme, directly or indirectly, by receiving fraud proceeds for the personal use and benefit of themselves and others.

All in violation of Title 18, United States Code, Section 1349.

### FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461)

30.     The allegations contained in Count 1 of this Information are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture against defendant YOLANDA MATTHEWS, pursuant to the provisions

of Title 18, United States Code, Section 982 and Title 28, United States Code, Section 2461.

31.     Pursuant to Title 18, United States Code, Section 982(a)(7), upon being convicted of the crime charged in Count 1 of this Information, the convicted defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

32.     Money Judgment:  Property subject to forfeiture includes, but is not limited to a forfeiture money judgment equal to total amount of forfeitable proceeds as a result of defendants' violations as alleged in Count 1 of this Information.

33.     Substitute Assets:  If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property that cannot be subdivided without difficulty;

10

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p) as incorporated by Title 18, United States Code, Section 982(b)

and/or Title 28, United States Code, Section 2461, to seek to forfeit any other

property of YOLANDA MATTHEWS, up to the value of such property.

Dated: June 12, 2026

JEROME F. GORGON JR
UNITED STATES ATTORNEY

LORINDA LARYEA
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

JOHN NEAL
Chief, Anti-Corruption Unit
United States Attorney's Office
Eastern District of Michigan

*s/ Jeffrey A. Crapko*
JEFFREY A. CRAPKO
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (202) 445-9832
Email: Jeffrey.Crapko@usdoj.gov

11

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number 26-20377 |
|---|---|---|

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.**

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)[1]**: | **Judge Assigned:** |
| ☐ **Yes**    ☒ **No** | **AUSA's Initials:** |

**Case Title:** USA v. Yolanda Matthews

**County where offense occurred :** Wayne County, Oakland County

**Check One:**    ☒ **Felony**    ☐ **Misdemeanor**    ☐ **Petty**

_____Indictment/__✓__Information --- **no** prior complaint.
_____Indictment/_____Information --- based upon prior complaint [**Case number:**                    ]
_____Indictment/_____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Yolanda Matthews | 18 U.S.C. § 1349 | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

June 12, 2026
_____
Date

s/ Jeffrey A. Crapko
_____

Jeffrey A. Crapko, Trial Attorney
211 West Fort Street, Detroit, MI 48226
Phone: (202) 445-9832
Fax:
E-Mail address: Jeffrey.Crako@usdoj.gov
Attorney Bar #: P78487

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.